AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

United States Courts
Southern District of Texas
**FILED**

AUG 2 6 2015

David J. Bradley, Clerk of Court

| In the Matter of the Search of | )  |
|---|---|
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) |
| | ) Case No. |
| Samsung Galaxy Note 4 bearing IMEI 356204063800435 | ) |
| | ) |

Case No.

# H15-1222M

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
Samsung Galaxy Note 4 bearing IMEI 356204063800435 (See Attachment B)

located in the _____Southern_____ District of _____Texas_____, there is now concealed *(identify the person or describe the property to be seized)*:
Digital evidence as set forth in Attachment B,

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 | 841, 846 |

The application is based on these facts:
See Attachment A, Affidavit in Support of Search Warrant

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Christopher N. Menard, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____08/26/2015_____

_____
*Judge's signature*

City and state: _____Houston, Texas_____

John R. Froeschner, United States Magistrate Judge
*Printed name and title*

**ATTACHMENT "A"**

**AFFIDAVIT IN SUPPORT OF SEARCH WARRANT**

I, Christopher Menard, being first duly sworn, depose and state the following:

1. I am a Special Agent with the Federal Bureau of Investigation and have been so employed since 2003. I am currently assigned to the FBI's Multi Agency Gang Task Force. I have experience in the investigation of violations of criminal statutes identified in the Title 18 and Title 21 of the United States Code and have experience working complex cases involving narcotics trafficking. Additionally, I have experience in interviewing suspects, victims, and witnesses, conducting surveillance, analyzing telephone records, executing search and arrest warrants, and other investigative techniques.

2. I submit this affidavit in support of an application for a warrant to search a Samsung Galaxy Note 4 bearing IMEI 356204063800435, hereafter, the Target Device. I do not set forth every known fact of the investigation. The facts set forth are limited to those establishing probable cause that evidence exists on the device The information contained in this affidavit is based upon personal knowledge derived from my participation in this investigation; information I have learned from discussions with other law enforcement officers; and from the review of written reports, documents, and evidence collected during the course of this investigation.

3. Your affiant knows the Target Device was used by an FBI Confidential Human Source (hereafter CHS). CHS was assisting the government, while pending sentencing on a Federal criminal case in the Southern District of Mississippi. This CHS assisted the government over the course of several months with drug trafficking investigations involving violations of 21 USC §§ 841 and 846 being investigated by the FBI and other agencies as well as violent gang activity being prosecuted by the Harris County District Attorney's office.

4. On or about August 18, 2015, CHS failed to appear at a mandatory court hearing and became a federal fugitive. CHS did not answer phone numbers known to be used by CHS. While attempting to locate CHS, FBI Special Agent Keith Koncir met with the CHS's significant other at the CHS's last known address. While CHS was not at this location, SA Koncir observed the Target Device at this location. The CHS's significant other willingly provided the target device to SA Koncir and was provided a receipt for property. To date, law enforcement officers have not been able to locate CHS.

5. Prior to becoming a fugitive, and over the course of several months, while operating on behalf of the government, CHS used the Target Device on one or more occasions to communicate with your affiant. These communications included voice, text messages, and multimedia messages including screen shots of text messages between CHS and subjects of investigation, screen shots of social media accounts and photos of narcotics. Based on my training and experience, the presence of screenshots of text messages sent to your affiant from the Target Device indicate that the Target

Device was also used by the CHS to communicate with subjects of investigation.   Similarly, the fact that CHS sent photos and contact information on the subjects of drug trafficking investigations and gang investigations to your affiant from the Target Device suggests that this information was stored on the Target Device

6.   Your affiant recognized the Target Device in question as appearing to be the same device which your affiant used to communicate with CHS.

7.   Your affiant also knows based on training and experience that when the user of such a device makes use of such capabilities as previously listed that this creates digital files which may be stored either internally to the device or to some form of removable memory to include the SIM card.  Any such files so created on will tend to remain accessible unless the user actively removes the file.

8.   Therefore it is likely that some of the data on the Target Device will comprise evidence of criminal involvement in violations of 21 USC §§ 841 and 846 and other criminal violations by subjects previously identified by CHS.  It is your affiant's belief that absent the CHS's continued cooperation with the government, recovering the data directly from the device used by the CHS will help provide corroboration to evidence previously collected.  Furthermore, your affiant believes that there may be records of contacts, calls or other data contained on the Target Device useful in developing leads to apprehend CHS who is currently a federal fugitive.

9.   This data may include identifying information related to the specific handset, held as data on the device or removable media; Call History logs; Text messages, e-mails, or notes, Contact Lists, Address Books; Calendars; Photographs, videos, and/or voice recordings; Internet access logs or histories; and Navigation or GPS programs data, logs or history, all of which may reside on the phone or removable media to include SIM Cards.

Dated  this _____26_____ day of August 2015.

Christopher Menard
Special Agent, Federal Bureau of Investigation
Houston Division, Houston, Texas

Sworn and subscribed before me this ___26____ day of August 2015 and I hereby find probable cause.

John R. Froeschner
United States Magistrate Judge
Southern District of Texas

**ATTACHMENT B**

ITEMS TO BE SEARCHED

Samsung Galaxy Note 4 bearing IMEI 356204063800435

EVIDENCE TO BE SEIZED

1. Contact Lists and Address Books
2. Call History logs
3. Notes, text messages, or e-mails which reside on the phone or removable media.
4. Photographs, videos, and/or voice recordings which reside on the phone or removable media.
5. Internet access logs or histories
6. Navigation or GPS programs, data, logs or history.
7. Calendars
8. Any and all identifying information related to the specific handset, whether physically marked on the device or held as data on the device.